UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL WILLIAM GERSTENBERGER,<br><br>Plaintiff,<br><br>v.<br><br>67th DISTRICT COURT,<br><br>Defendant. | Case No. 26-12856<br>Honorable Laurie J. Michelson |

**ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYING FILING FEE OR COSTS [8], DISMISSING COMPLAINT FOR FAILURE TO SHOW CAUSE [1], AND DENYING AS MOOT PLAINTIFF'S MOTION TO SHOW CAUSE [7]**

Plaintiff Michael Gerstenberger, proceeding *pro se*, filed this matter in the Western District of Michigan on June 8, 2026. (ECF No. 3, PageID.29.) It is unclear what he is seeking. His complaint is just a letter and a copy of the "motion to void sentence" that Gerstenberger filed in the 67th District Court in Genesee County. (ECF No. 1.) In his letter, Gerstenberger advises that neither the state district court nor the prosecutor's office had responded to his filing in months. (*Id.*) Thus, he asks this Court to "[p]lease look over these papers." (*Id.*)

After the case was transferred from the Western District of Michigan, the undersigned directed Gerstenberger "to show cause, in writing . . . why this case should not be dismissed for his failure to pay the filing fee or submit an application to proceed without prepaying fees and costs, or for lack of subject matter jurisdiction." (ECF No. 4.) That order further cautioned that failure to show cause, or an

inadequate show cause response, may result in dismissal of the case. (*Id.*) Gerstenberger's initial response was brief and, in essence, sought only an extension of time to respond. (ECF No. 5.) The Court granted that request.(ECF No. 6.)

Then, on October 8, 2026, the Court received Gerstenberger's response, styled as a "motion" detailing his theory of this Court's subject matter jurisdiction (ECF No. 7), and an application to proceed without prepaying fees or costs. (ECF No. 8). Gerstenberger's motion made more clear what he seeks through this case—an order declaring his state court conviction "void ab initio." (ECF No. 7, PageID.11.) For the reasons that follow, Gerstenberger's application to proceed without prepaying fees or costs is denied (ECF No. 8) and the case is dismissed for his failure to satisfy the show cause order (ECF No. 4).

**I.**

The Court's show cause order directed Gerstenberger to do two things: 1) pay the filing fee or submit an application to proceed without paying fees or costs, and 2) explain why the case should not be dismissed for lack of subject matter jurisdiction. (ECF No 4, PageID.3.) Gerstenberger's response is deficient in both respects.

First, Gerstenberger has not submitted an adequate application to proceed without prepaying fees or costs. Gerstenberger is currently incarcerated. Thus, the law requires him to submit an application to proceed *in forma pauperis*, accompanied by a copy of his prison trust account statement. *See Erby v. Kula*, 113 F. App'x 74, 75 (6th Cir. 2004) ("Under the Prison Litigation Reform Act, a prisoner bringing a civil action in forma pauperis must file an affidavit of indigency and a certified copy of his

prison trust fund account statement for the six-month period immediately preceding the filing of the complaint." (citing 28 U.S.C. § 1915(a))). But Gerstenberger's application to proceed without prepaying fees, which contains no facts regarding his ability to pay, does not constitute a sufficient affidavit of indigency. (*See* ECF No. 8.) Nor has he submitted a copy of his prison trust account statement as required by the law. *See* 28 U.S.C. § 1915(a)).

Accordingly, his motion to proceed without prepaying fees or costs is denied.

## II.

Nor does Gerstenberger's show cause response satisfy the Court that it has subject matter jurisdiction over this case. Gerstenberger's motion argues standing, the merits of his due process complaint, and the 67th District Court's supposed lack of jurisdiction to convict him in the first place. (*See generally* ECF No. 7.) But it does not address whether *this Court* has subject matter jurisdiction over a claim against a defendant state court. (ECF No. 4.)

Under the Eleventh Amendment, states and their departments are immune from suit in federal court. *Hans v. Louisiana*, 134 U.S. 1, 15 (1890); *see also Thiokol Corp. v. Dep't of Treasury, State of Mich.*, *Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) ("A state's sovereign immunity bars all suits in federal court 'against the state and its departments,' "whether for injunctive, declaratory or monetary relief.") "The Michigan Supreme Court and its lower courts operate as arms of the state, and are entitled to the same sovereign immunity as the State of Michigan." *Moniz v. Weipert*, No. 20-12705, 2021 WL 1720897, at *5 (E.D. Mich. Apr. 30, 2021). Thus, the 67th

district court, as a lower court of the state, is immune from suit. *See Thompson v. McNamara*, No. 21-11045, 2021 WL 2187086, at *2 (E.D. Mich. May 28, 2021) ("Eleventh Amendment immunity applies to state employees, such as prosecutors, judges, court clerks, and state agency employees who are sued in their official capacities.").

Gerstenberger's show cause response fails to address, let alone establish, that any exceptions to that immunity apply. And, in fact, it is well established that the State of Michigan has not consented to civil rights suits in federal court, *see Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. State of Mich.*, 803 F.2d 874, 877 (6th Cir. 1986).) Gerstenberger cites no federal statute under which Congress abrogated the district court's immunity. *See, e.g., Fitzpatrick v. Bitker*, 427 U.S. 445, 451–52 (1976). Nor does Gerstenberger seek any forward-looking prospective injunctive relief that would bring his claim within the ambit of *Ex parte Young*, 209 U.S. 123 (1908). *See, e.g.*, *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 508 (6th Cir. 2008) ("The *Ex parte Young* exception does not, however, extend to any retroactive relief") (citation omitted).

What is more, the very relief Gerstenberger seeks—a declaration that his underlying conviction is "void ab initio"—is beyond this Court's jurisdiction. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (holding that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[,]" a court must dismiss the claim "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"); *see also Sutton v. Townsend*, No. 26-1311,

2026 U.S. App. LEXIS 27373, at *2 (6th Cir. Sept. 3, 2026) (explaining that a *pro se* prisoner's complaint "is barred by *Heck* [where] a favorable ruling would imply the invalidity of his state convictions and [the plaintiff] did not allege that his state convictions had been invalidated.").)

Accordingly, the Court remains unsatisfied that it has subject matter jurisdiction over the case. *See Nixon v. Belmont-Harrison Juvenile Dist.*, 113 F. App'x 51, 53–54 (6th Cir. 2004) (affirming dismissal for lack of subject matter jurisdiction where district court raised the issue of Eleventh Amendment immunity *sua sponte*).

## III.

Finding Gerstenberger's show cause response (ECF Nos. 5, 7, 8) unsatisfactory, the case is hereby dismissed and Gerstenberger's "motion" to show cause is denied as MOOT.